UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS EUGENE DUNHAM, TDCJ # 01850265, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0316 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al*, | § § § § | |
| Defendants. | § § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Thomas Dunham, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a complaint (Dkt. 1) alleging that his confinement in administrative segregation violates his civil rights. Plaintiff proceeds *pro se* and *in forma pauperis*. As ordered by the Court, Plaintiff filed a more definite statement (Dkt. 49). Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

I. **BACKGROUND**

Dunham is currently incarcerated at TDCJ's Stiles Unit, which is near Beaumont, Texas. He alleges in this lawsuit that he has been improperly confined in administrative segregation at three different TDCJ units (Stiles, Byrd, and McConnell) and that his

multiple stints in administrative segregation now total over 500 days. He also states the restrictions in administrative segregation exacerbate his mental health condition.

Plaintiff names two Defendants in this suit: TDCJ and the University of Texas Medical Branch ("UTMB"). On July 18, 2018, the Court ordered Plaintiff to submit a more definite statement and asked multiple questions about Plaintiff's claims including their connection, if any, to officials or events in the Galveston Division of the Southern District of Texas. Among other inquiries, the Court asked Plaintiff to identify the person or persons who made the decisions to place him in administrative segregation (Dkt. 47, at 2-5).[1]

Plaintiff's more definite statement did not name any specific officials. Instead, Plaintiff claims that "every person listed on [his] exhibits" is liable. *See* Dkt. 39, at 9 (identifying "[e]very person listed on my exhibits, all the wardens, assistant wardens on those units, all the majors on those units, every Huntsville official who answered my Step 2s, and every mental health professional on those units" as involved in the alleged violations of his rights); *id*. at 13-14 (in response to instruction to name UTMB personnel involved in the alleged violations of his rights, Plaintiff answered "I would have to subpoena the UTMB employee roster for [Stiles, Byrd, McConnell and] C.T. Terrell Unit"); *id*. at 12 ("All of the mental health professionals [at UTMB] I talked to" were aware of court rulings regarding use of administrative segregation for mentally ill

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

prisoners "but failed to act reasonably by not reporting my unconstitutional confinement or transferring me to a mental health unit").

## II. STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

### III. DISCUSSION

Plaintiff brings this civil rights action against two defendants, TDCJ and UTMB, seeking injunctive and monetary relief. UTMB and TDCJ are state agencies. TEX. EDUC. CODE § 65.01 *et seq.*; TEX. GOV'T CODE § 493.001 *et seq.*

Section 1983 only authorizes suit against a "person" acting under color of law who causes certain deprivations of rights.[2] State agencies are not "persons" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) ("Our conclusion that a State is not a 'person' within the meaning of § 1983 is reinforced by Congress' purpose in enacting the statute."); *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (to establish a claim under § 1983 a plaintiff must allege a deprivation "committed by a person acting under color of state law") (internal citation and quotation marks omitted); *Hyatt v. Sewell*, 197 F. App'x 370 (5th Cir. 2006)

---

[2]    42 U.S.C. § 1983 ("Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .") (emphasis added).

("UTMB is not a person for purposes of § 1983"). Therefore, Plaintiff cannot bring suit under Section 1983 against either TDCJ or UTMB. Despite the Court's specific questions in the order for more definite statement (Dkt. 39), Plaintiff has failed to identify any persons at TDCJ or UTMB who are responsible for the alleged violations of his civil rights.[3] Because Plaintiff names only TDCJ and UTMB as defendants in this suit and fails to name any "person" who can be sued under 42 U.S.C. § 1983, he fails to state a claim upon which relief may be granted.[4]

In addition, because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state or state agencies for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394. This

---

[3] *See, e.g.*, Dkt. 49, at 9 (when asked to name all involved persons to the best of his ability, plaintiff named "[e]very person listed on my exhibits, all the wardens, assistant wardens on those units, all the majors on those units, every Huntsville official who answered my Step 2s, and every mental health professional on those units. . ."); *id.* at 11-12 (when asked about the personal involvement of any officials, plaintiff responded that after he is permitted to subpoena an employee roster then he will argue that "each individual either failed to act reasonably once informed of the unconstitutional conditions, they also failed to accommodate (reasonably) my disabilities").

[4] Moreover, to the extent Plaintiff could state a cognizable claim regarding his prolonged confinement in administrative segregation, any claim for prospective injunctive relief against the responsible persons at the Stiles Unit would not be properly brought in this judicial district. *See* 28 U.S.C. § 1391(b). The Stiles Unit is located within the Eastern District of Texas, Beaumont Division.

Court therefore lacks jurisdiction over Plaintiff's claims against UTMB and TDCJ for monetary damages.

## IV. <u>CONCLUSION</u>

For the reasons stated above the Court **ORDERS** that:

1. The complaint filed under 42 U.S.C. § 1983 by Thomas E. Dunham is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

2. All pending motions are **DENIED as moot**.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, this 19th day of December, 2018.

_____
George C. Hanks Jr.
United States District Judge